<em>The case may be discharged.</em>

---

GREEN v. PETTINGILL & A.

Where several detached lots of wild and unoccupied land in the same county, are conveyed in mortgage by one deed and upon one and the same condition, an entry by the mortgagee upon one such lot in the name of the whole, would give him constructive legal possession of all the lots in the same county, as against the mortgagors, and also as against any person afterwards entering without right upon any of the lots.

TRESPASS *quare clausum fregit*.

Declaration that defendants on divers days and times, between Dec. 1, 1859, and Oct. 20, 1862, date of writ, with force and arms, broke and entered plaintiff's close, being lot No. 16, range 1, in 2d division, in Milan, in said county, and cut and carried away 3000 plaintiff's trees, worth $500, and converted them to their own use.

Plea, general issue.

Plaintiff introduced mortgage deed from J. D. Horner, G. A. Hast-

ings and Henry Paine, to S. J. Heywood, executed Aug. 5, 1854, recorded the 21st of same month, given to secure three notes, two of which, for $958 each, payable to said Heywood or order, with interest annually, in one and two years from date, having been endorsed by said Heywood to one Abner Davis, and afterwards the said Davis endorsed and delivered the said notes and mortgage to plaintiff, were produced on trial. The execution of the deed, and notes, and the endorsement and delivery thereof to plaintiff, were duly proved.

Other lots in other ranges in Milan were included in this mortgage with No. 16, the one in controversy. Plaintiff testified that he had been on some of these other lots as early as 1856, to ascertain their value, also had entered upon them for the purpose of foreclosing the mortgage, but never before the alleged entry and trespass by defendants had he entered or been on lot No. 16. It was not shown that either Heywood, Davis, Horner, Hastings or Paine, had any title to any of the lands included in said mortgage, or made any entry thereon, or were ever in possession thereof. Plaintiff introduced further testimony tending to show that defendants cut and carried away from said lot No. 16 two hundred and eighty-two spruce trees, in the winter of 1859, '60. Defendants introduced testimony tending to show that they were employed by Messrs. Dunn & Co., of Maine, to cut and haul this timber, and that the timber was cut in the town of Cambridge on land owned in common and undivided. No title to lot No. 16 in Milan, nor to the adjoining land in Cambridge, was shown in Dunn & Co., or the defendants. Dunn & Co. claimed to own an interest in common and undivided of the lands in Cambridge, and Mr. Dunn accompanied the defendants when they commenced cutting the timber in question, pointed out to them the town line between Cambridge and Milan up to which he claimed to own the land, and the defendants cut no further than he directed.

It appeared in testimony that there were two lines about forty rods apart, running nearly parallel across lot No. 16 ; that the timber in question was cut between these two lines.

Plaintiff claimed the more northerly of these to be the true line between Milan and Cambridge, while the defendants claimed the same as to the other.

The court left it to the jury to say, upon all the evidence, which was the true line between the towns.

Defendants' counsel contended that, inasmuch as no entry upon lot No. 16 in Milan had been shown by the plaintiff, or those under whom he claimed, prior to the alleged trespass by the defendants, he could not recover.

The court ruled, however, the plaintiff might maintain the action by showing title, and a constructive possession. That, in this case, where there were several lots of wild land, situated in the same county, and included in one deed, an actual entry upon one of the lots, claiming the whole, prior to the alleged trespass, was sufficient to enable the plaintiff to maintain this action against the defendants, provided the jury found the timber was actually cut on lot No. 16 in Milan.

To which exceptions were taken.

The jury returned a verdict for the plaintiff, which defendant moves to set aside, and the questions of law were reserved.

*Benton & Ray*, for defendants.

*Burns & Fletcher*, for plaintiff.

SARGENT, J.   The defendants claimed that the timber in question was cut in the town of Cambridge, where they or their employers claimed some interest or right.   But they claimed no right whatever in the town of Milan to cut this timber.   The jury, by their verdict, under the instructions given them, have found that the cutting was in Milan, so that the defendants were trespassers upon some one, if any one had any right to this land or any prior possession of it.

This was a wild lot, of which no one had or retained any actual possession.   If possession had ever been taken of this lot by any person having color of title, or claiming the whole lot, by an actual entry upon it, that possession would continue, though there were nothing to give any person notice of it, and a person entering subsequently would be a trespasser, a disturber of the prior possession of the one first entering. But a *quere* is raised in *Hoag* v. *Wallace*, 28 N. H. 547, whether an entry into one of several lots in a town, under color of title to the whole, can be construed to extend to such of the lots as are in a different range from that upon which the entry is made, and which do not adjoin it? Upon examining the opinion in that case, by *Eastman, J.*, we find no authorities cited as the foundation of this position, or of this *quere* except the remarks of *Parker, C. J.*, in *Bailey* v. *Carleton,* 12 N. H. 9, and upon the examination of that case we find that the remarks of the chief justice in that opinion do not warrant the *quere* in the broad and unqualified manner in which it is stated in *Hoag* v. *Wallace.*

In *Bailey* v. *Carleton*, it is nowhere claimed, (but the contrary is constantly assumed to be true,) that an entry upon one lot of unoccupied land under a deed which conveyed several similar lots in the same town would not give sufficient constructive legal possession of all these lots, so that the person thus entering might maintain trespass against a party who should enter subsequently upon any of these lots and cut timber or do other acts without right or title.   But it is held that when a party having a deed embracing land to which his grantor had good title, and other lands to which he had no right, enters into and possesses that portion of the land which his grantor owned, but makes no entry into the part which he could not lawfully convey, he has no *adverse* possession of the latter as against the true owner.   The doctrine of the case is plainly that an entry by the grantee into one of several lots, all conveyed to him in the same deed, would give him constructive legal possession of all the lots thus conveyed as against his grantor, and as against a person subsequently entering any of said lots without right; yet that such constructive possession of a lot on which he did not actually enter, would not constitute such an adverse possession as would

give title to the land by twenty years continuance, as against a third person who should afterwards show that he was the real owner of such last mentioned lot. And the reasons given for this distinction are entirely satisfactory, and it is only when such constructive possession of a lot, under color of title which proves not to be a valid title to such lot, is attempted to be converted into an adverse possession against the real owner of the lot, that the *quere*, as stated in *Hoag* v. *Wallace*, applies.

With that limitation it is well enough; but in the broad and unqualified form in which it is there stated, it will be found to be in conflict with all the authorities. *Littleton* says: "If a man hath cause to enter into any lands or tenements in diverse townes in one same county, if he enter into one parcell of the lands or tenements which are in one towne, in the name of all the lands or tenements into the which he hath right to enter within all the townes of the same countie; by such entrie he shall have as good a possession and seizin of all the lands and tenements whereof he hath title of entrie, as if he had entered in deed into every parcell." Litt. sec. 417.

But *Lord Coke* says that this general rule must be understood with this limitation, that the entry of a man to re-continue his inheritance or freehold must ensue his action for the recovery of the same, and hence the rule is limited to lands in the same county. "For if the lands lie in several counties, there must be several actions, and consequently several entries. So if three men disseize me severally of three several acres of land, being all in one county, and I enter into one acre, in the name of all three acres, this is good for no more but for that acre which I entered into, because each disseizor is a several tenant of the freehold, and as I must have several actions against them for recovery of the land, so my entry must be several." He also says: "If I enfeoff one of one acre of ground upon condition, and at another time I enfeoff the same man of another acre in the same county upon condition also, and both the conditions are broken, an entry into one in the name of both is not sufficient, for that I have no right to the land, nor action to recover the same, but a bare title, and therefore several entries must be made into the same, in respect to the several conditions. But an entry into one part of the land, in the name of all the land subject to one condition, is good, although the parcels be separate and in several towns." Coke Litt. 252, *b*.

So *Richardson, C. J.,* in *Riley* v. *Jameson,* 3 N. H. 27, says, when a man enters into land, under a deed, or extent, or as heir to another, such entry will give him possession of all the land which the title, under which he enters, embraces; because he is presumed to enter, claiming according to his title. For this purpose, it is immaterial whether the title, under which he enters, be a valid one or not. This doctrine is reiterated in *Towle* v. *Ayer,* 8 N. H. 59; *Breck* v. *Young,* 11 N. H. 485; and also by *Parker, C. J.,* in *Bailey* v. *Carleton, supra.*

In case of mortgages, it is held in *Bennett* v. *Conant,* 10 Cush. 165, *Shaw, C. J.,* that the mortgage of several detached parcels of

land in the same county by one deed, to perform one condition, does, as between such parties, constitute them to be one tenement or holding for the purpose of securing the performance of the condition, and, as between those parties and their privies, an entry on one is an entry on the whole.

This court held substantially the same doctrine in *Green* v. *Cross*, Coos Co., December Term, 1866, where several detached lots of wild land in the same town were conveyed in mortgage by one deed and upon one condition, that, as between the parties where the lands were wild and unoccupied and where an actual entry can give no notice to any one interested, an entry upon one tract, in the name of all in the same county, is an entry upon all according to the general rule in Coke Litt. 252, *b.*

And we think, upon the authority of *Bailey* v. *Carleton*, 12 N. H. 17, that such entry on one wild lot, in the name of all in the same county, would give constructive legal possession of all the other wild and unoccupied lots in the same county, if conveyed in the same deed and upon the same condition with the first, so that the party thus entering on one, might maintain trespass against any person afterwards entering without right upon any of the other lots thus conveyed.

How far such constructive possession could be held to be adverse to a third person, who should afterwards show that he was the real owner of some one of said lots, not actually entered upon, having a title paramount to the plaintiff's title, need not be considered, as the point is not raised. Here the plaintiff, having a mortgage deed of several lots in the town of Milan, and having entered upon some of these lots for the purpose of foreclosing his mortgage on the whole, entered of course claiming the whole, and that gave him constructive possession of the whole, as against the mortgagors, and as against these defendants, who, as the jury have found, were trespassers without right.

*Judgment on the verdict.*